UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| LISA DOYON,<br>    Plaintiff,<br><br>v.<br><br>PRRC, INC., d/b/a/ PRICE RITE; and<br>WOONSOCKET MALL, LLC,<br>    Defendants.<br><br>PRRC, INC., d/b/a/ PRICE RITE,<br>    Third-Party Plaintiff,<br><br>v.<br><br>SIGNATURE ACQUISITIONS, LLC<br>    Third-Party Defendant. | C.A. No. 23-cv-339-JJM-PAS |

ORDER

Before the Court are five Motions for Summary Judgment arising from a slip and fall case at a Price Rite market in Woonsocket, Rhode Island. ECF Nos. 56-60. The players are as follows: (1) <u>Lisa Doyon</u>, a shopper at Price Rite who slipped and fell on water that was on the floor as she was shopping near the dairy case. She sustained severe injuries. (2) <u>PRRC, INC., d/b/a/ Price Rite</u> ("Price Rite") is a supermarket with a store in the Diamond Hill Plaza where Ms. Doyon fell. It is a tenant in a building owned by co-defendant Woonsocket Mall, LLC. (3) <u>Woonsocket Mall, LLC</u> owns the land and building and is the landlord of Price Rite. (4) <u>Signature Acquisitions, LLC</u> ("Signature") is the property manager for Woonsocket Mall.

Woonsocket Mall filed a Third-Party Complaint against its property manager, Signature.

## I. Summary Judgment by Defendant Woonsocket Mall Against Plaintiff

Woonsocket Mall seeks summary judgment alleging that it did not have actual or constructive knowledge of the water accumulation and that Ms. Doyon does not have any evidence of "where the alleged accumulation of water came from, how it got there, or how long it was there before she slipped." ECF No. 56-1 at 10.

Ms. Doyon counters that there is sufficient evidence that a jury could conclude that the water on the floor on which Ms. Doyon slipped came from a leaky roof that Woonsocket Mall had notice of yet failed to correct. She presents evidence that: a Price Rite employee on the scene observed water dripping from the ceiling at the time of the fall; Woonsocket Mall is contractually responsible for the condition of the roof; Woonsocket Mall did not routinely inspect the roof; before the fall, Woonsocket Mall was on notice that the roof needed repair and replacing; there were documented leaks before the fall; and there was rain on the day before and on the day of the fall. *See* ECF No. 62 at 2-4 (plus attachments cited).

There is sufficient evidence that a jury could find Woonsocket Mall negligent and that negligence was a proximate cause of Ms. Doyon's injuries. The Court DENIES Woonsocket Mall, LLC's Motion for Summary Judgment. ECF No. 56.

## II. Summary Judgment by Defendant Price Rite Against Plaintiff

Price Rite makes the same general allegations in support of its Motion for Summary Judgment as does Woonsocket Mall, and Ms. Doyon's response is basically the same. ECF No. 60.

Price Rite's manager's post-incident inspection of the area where Ms. Doyon fell revealed liquid on the floor dripping from the ceiling and collecting on the floor. The manager testified about a constant flow of leaks and that when there was rainfall there would be water leaking from the roof onto the floor. The leaky condition of the roof had been an issue "for a while." The manager admitted to knowledge of prior leaks around Ms. Doyon's fall. At the time of Ms. Doyon's fall, Price Rite had many buckets throughout the store collecting water that was leaking through the roof. The manager knew of water pooling on the roof, and there was an ongoing leak where Ms. Doyon fell. Price Rite does not maintain any type of "sweep log" or any other proof that the store's aisles are checked for the safety of their shoppers. Price Rite was on notice of the leaky condition of the roof whenever there was rain or snow before Ms. Doyon's fall. *See* ECF No. 65 at 2-4.

The Court DENIES Price Rite's Motion for Summary Judgment against Plaintiff. ECF No. 60.

## III. Summary Judgment by Defendant Price Rite Against Co-Defendant Woonsocket Mall

Price Rite has moved for summary judgment on Woonsocket Mall's cross-claim. ECF No. 59. Its claim, in essence, is that Woonsocket Mall's lease with Price Rite required it to indemnify Price Rite for claims arising from the landlord's "gross

3

negligence or willful misconduct." And because Woonsocket Mall did not name Price Rite as an additional insured in its insurance policy, Woonsocket Mall breached the contract. The problem with this summary judgment motion is that there is a genuine dispute about whether Woonsocket Mall's actions or inactions were gross negligence or willful misconduct. Absent either of these two levels of culpability, Woonsocket Mall had no obligation to indemnify Price Rite. Woonsocket Mall's failure to list Price Rite as an additional insured is not the relevant conduct – it is the claim against Price Rite by Ms. Doyon that must be shown to be grossly negligent or willful for the indemnification clause to take effect. And as stated, Woonsocket Mall's culpability and liability is a disputed fact.

The Court DENIES Price Rite's Motion for Summary Judgment against Woonsocket Mall. ECF No. 59.

### IV. Summary Judgment by Defendant Woonsocket Mall Against Co-Defendant Price Rite

Woonsocket Mall seeks summary judgment against Price Rite's cross-claim for the same reasons that it sought summary judgment against the Plaintiff. As discussed above in Section I, summary judgment is not appropriate against the Plaintiff and for the same reasons, it is not appropriate against the cross-claim of Price Rite.

The Court DENIES Woonsocket Mall's Motion for Summary Judgment against Price Rite. ECF No. 58.

V. **Summary Judgment by Third-Party Defendant Signature Against Third-Party Plaintiff Price Rite**

Third-Party Defendant Signature seeks summary judgment against third-party Plaintiff Price Rite claiming that it is entitled to judgment as a matter of law because there are no genuine issues of material fact in dispute. ECF No. 57. No party objected to the motion and no statement of disputed facts was submitted. Signature, property manager for landlord Woonsocket Mall is entitled to judgment as a matter of law and therefore the Court GRANTS Signature's Motion for Summary Judgment and terminates them from this case. ECF No. 57.

VI. **CONCLUSION**

The Court:

1. DENIES the First Motion for Summary Judgment as to Count I of Plaintiff's Complaint filed by PRRC, Inc., PRRC, Inc., d/b/a Price Rite Marketplace. ECF No. 60.
2. DENIES the First Motion for Summary Judgment as to Counts III, IV and V Against Woonsocket Mall LLC filed by PRRC, Inc., PRRC, Inc., d/b/a Price Rite Marketplace. ECF No. 59.
3. DENIES the Motion for Summary Judgment filed by Woonsocket Mall LLC. ECF No. 58.
4. GRANTS the First Motion for Summary Judgment filed by Signature Acquisitions LLC. ECF No. 57.
5. DENIES the Motion for Summary Judgment filed by Woonsocket Mall LLC. ECF No. 56.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 22, 2025